## Ornsteen v. Bass

*M. Mark Mendel*, for plaintiff.
*Samuel Klein*, for Philadelphia Newspapers Inc.
*Edward Madeira*, for defendant.

D'ALESSANDRO, *J.*, October 12, 1988—Plaintiff in this civil action is Jerome L. Ornsteen, an attorney licensed to practice in the Commonwealth of Pennsylvania. Mr. Ornsteen was a former senior partner in the law firm of Fox, Rothschild, O'Brien & Frankel, one of the named defendants in this action. Also named as defendants are 11 attorneys in the above-named law firm, all of whom are former partners of plaintiff. In his complaint, Mr. Ornsteen alleges various acts of fraud committed by the law firm on clients, thereby hampering plaintiff's ability to properly undertake his obligation to these clients as their solicitor. It is also alleged that the 11 named partner defendants violated the Fox, Rothschild partnership agreement and committed breaches of fiduciary duties owed to both the firm's clients and the other partners, plaintiff being one of them. Plaintiff contends that as a result of these acts, he has suffered monetary loss as well as damage to his legal reputation.

At this juncture in the proceedings, defendants have not as yet responded to the complaint and no discovery has taken place. Defendants have filed a motion requesting this court to issue a confidentiality order which would in effect put under seal all pretrial proceedings. It is contended that many of the allegations in plaintiff's complaint concern information protected by the attorney-client privilege and that if not kept confidential, it would result in the violation of client confidences and secrets.

In arguing that a protective order is necessary, defendants rely on rule 1.6(a) of the Rules of Professional Conduct. This rule prohibits a lawyer from

"revealing information relating to the representation of a client." Defendants believe that rule 1.6 mandates that an attorney request a broad confidentiality order in situations where the discovery process could well result in the dissemination of information concerning confidential communications with clients who are not parties to the present litigation. Defendants argue that rule 4012 of the Pennsylvania Rules of Civil Procedure authorizes the protection sought. Rule 4012 gives the court the power to "make any order which justice requires to protect a party or person from unreasonable annoyance, embarrassment, oppression, burden or expense . . ." and includes the ability to restrict the dissemination of private information gathered in the discovery process.

In support of this position, defendants point to language contained in the recent Supreme Court case of *Seattle Times Co. v. Rinehart*, 467 U.S. 20 (1984). In *Rinehart*, the Supreme Court upheld a protective order granted by the trial court which prevented the public disclosure of certain information obtained through discovery. The court stated that liberal pretrial discovery has a significant potential for abuse and that prevention of such abuse is "sufficient justification for authorization of protective orders." *Rinehart* at 34-5. It further stated that "a litigant does not have an unrestrained right to disseminate information that has been obtained through pretrial discovery." *Rinehart* at 31. On these grounds, defendants argue that a protective order should issue in this case based on the potential for disclosure of confidential information concerning individuals who are not involved in the instant action.

Additionally, defendants believe, and argue, that

in light of the sensitive nature of this case, "the propriety and desirability of an umbrella protective order is too well established to belabor here," quoting Judge Becker in *Zenith Radio Corp. v. Matsushita Electric Industrial Co.*, 529 F.Supp. 866, 889 (1981). It is intimated by defendants in its supporting memorandum that in cases involving sensitive commercial information, common practice is to invoke an umbrella protective order and that the case at hand certainly falls within this category. This line of reasoning, defendants believe, presents the court with another basis to find that a confidentiality order is proper under the circumstances of this case.

While there may be merit to the arguments put forth by defendants, this court is not convinced that they have fulfilled the requirements of the Rules of Civil Procedure regarding protective orders, so that issuance of the requested confidentiality order would be proper. Federal Rule of Civil Procedure 26, upon which Pa.R.C.P. 4012 is modeled, states that for "good cause" shown, the court in which the action is pending "[m]ay make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." In order for a protective order to issue, the moving party bears the burden of proving its necessity. *Cipollone v. Liggett Group Inc.*, 106 F.R.D. 573, 583 (1985). It is this court's conclusion that defendants have failed to carry that burden for the reasons stated below.

Establishing "good cause" requires, at a minimum, some evidence upon which a court can make a determination that harm will result from disclosure. The law is clear that "the determination of whether good cause does or does not exist must be based upon appropriate testimony and other factual data, not the unsupported contentions and conclu-

sions of counsel." *Davis v. Romney*, 55 F.R.D. 337, 341 (1972).

A claim for this type of relief must be supported by "particularization demonstrating that such relief is warranted." *Ramada Inns Inc. v. Drinkhall*, 490 A.2d 593, 599 (1985). "The mere fact that a case has achieved notoriety which may attract attention to information is not sufficient ground for protection." *Ramada Inns Inc.* at 599.

Defendants have provided this court with *no evidence* upon which to base a determination that "good cause" has been shown and that a blanket protective order would be proper in this case. The only evidence put forth by defendants is counsel's allegations that client confidences and secrets will be disclosed if pretrial proceedings are not sealed from the public. These allegations are not sufficient in light of the prevailing law on this issue. Additionally, while rule 1.6 of the Rules of Professional Responsibility may mandate counsel's petitioning for a confidentiality order under these circumstances, nothing in the rule "affects the right of a judge to proceed in a civil action in a manner required by the Rules of Civil Procedure and case law." *Davis v. Romney*, 55 F.R.D. 337, 343 (1972).

Nor does the court find that defendants have established "good cause" with the argument that it is common practice to invoke an umbrella protective order in cases involving sensitive commercial information, citing the *Zenith* case. "The fact that this may be the general practice does not mean that the practice must be adopted by an unwilling party." *U.S. v. Hooker*, 90 F.R.D. 421, 425 (1981). Plaintiff has the right to put the defendants to the test of establishing "good cause." *Hooker* at 425. Furthermore, the court finds defendants' reliance upon the

*Zenith* case misplaced. It is in those cases where the volume of documents is so great that summary treatment may be justified. *Ramada Inns Inc.* at 600. That is not the case here.

For the foregoing reasons, defendants' motion for a confidentiality order is denied.

### ORDER .

And now, October 17, 1988, upon consideration of defendant's motion for a confidentiality order, plaintiff's answer thereto, and oral argument thereon, it is hereby ordered and decreed that said motion is denied.

It is further ordered that this ruling in no way prejudices defendants' rights to reapply to this court for a protective order or orders as to any particular item/items at a later date.